UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COUNTY OF SAN MIGUEL, COLORADO, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> JULIE MACDONALD, *et al.*, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 1:06-CV01946 (RBW) <br> ) <br> ) **JOINT REPORT** <br> ) **OF PARTIES' CASE PLANNING** <br> ) **DISCUSSIONS** <br> ) |

**Statement of facts and basis for claims and denials as required by Chamber's Standing Order:**

Plaintiffs are: the County of San Miguel, Colorado; Sagebrush Sea Campaign; Center for Native Ecosystems; Forest Guardians; The Larch Company; Sinapu; Center for Biological Diversity; Public Employees for Environmental Responsibility; Black Canyon Audubon Society; and Sheep Mountain Alliance (collectively referred to as "Plaintiffs"). Defendants are: Julie MacDonald, in her official capacity as Deputy Assistant Secretary for Fish and Parks and Wildlife of the U.S. Department of the Interior; Dirk Kempthorne, in his official capacity as Secretary of the U.S. Department of the Interior; and Dale Hall, in his official capacity as Director of the U.S. Fish and Wildlife Service (referred to hereinafter as "Defendants").

Plaintiffs bring a challenge pursuant to the Endangered Species Act ("ESA"), 16 U.S.C. § 1531, *et seq.*, and the Administrative Procedure Act, 5 U.S.C. 701, *et seq*. ("APA"). Plaintiffs' complaint alleges that Defendants and the Fish and Wildlife Service ("FWS") violated the ESA and APA, when they determined that listing Gunnison sage-grouse (*Centrocerus minimus*) under the ESA is "not warranted." Plaintiffs' letters of intent to sue were sent in response to FWS's April 18, 2006 determination that listing Gunnison sage-grouse as "endangered" or "threatened"

under the ESA is "not warranted." 74 Fed. Reg. 19954 (Apr. 18, 2006) ("Not Warranted Determination").

Plaintiffs filed their Complaint initiating this litigation on November 13, 2006.

In response to Plaintiffs' allegations, the Defendants assert that FWS's "not warranted" finding does not violate the ESA or the APA.

Pursuant to Fed. R. Civ. P. 26 (f) and Local Rule 16.3, a meeting was held on February 12, 2006. Counsel for both parties participated:

> Amy R. Atwood, Geoff Hickcox, and Rebekah King for Plaintiffs, County of San Miguel Colorado, *et al.*
> Courtney Taylor for Defendants, Julie MacDonald, *et al.*

### **Local Rule 16.3(c) Matters**

(1) Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.

The parties anticipate that, regardless of whether discovery occurs or not in this case, the case will be resolved on summary judgment motions and will not require a trial. As resolution of the question of discovery is pending (*see* parties' response to item no. 8), the parties do not yet have a schedule for briefing to present to the Court.

(2) The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.

The parties do not anticipate that any other parties will be joined. As resolution of the question of discovery is pending (*see* parties' response to item no. 8), the parties do not yet know whether the pleadings will be amended. As the parties anticipate that the case will be resolved on cross-motions for summary judgment, the parties anticipate filing Statements of Material Fact that are Not in Dispute, pursuant to Local Rule 7(h), with their respective motions.

(3) Whether the case should be assigned to a magistrate judge for all purposes, including trial.

The parties request that the case be heard and resolved by an Article III judge. The parties anticipate that the case will be resolved on summary judgment motions and will not require a trial. Plaintiffs will request a hearing on the parties' cross-motions.

(4) Whether there is a realistic possibility of settling the case.

       The parties do not believe that there is a realistic possibility that this case can be settled.

(5) Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.

       Counsel for the parties have discussed ADR and their response to this provision with the clients. The parties do not believe that this case could benefit from ADR.

(6) Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.

       The parties anticipate that, regardless of whether discovery occurs or not in this case, the case will be resolved on summary judgment motions and will not require a trial. As resolution of the question of discovery is pending (*see* parties' response to item no. 8), the parties do not yet have a schedule for briefing to present to the Court.

(7) Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.

       The parties agree to stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P.

(8) The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.

       The parties have not developed a discovery plan. Defendants take the position that discovery is not appropriate because, under Fed. Civ. Rule 16, 26, this is a record review case pursuant to the ESA and the APA. Plaintiffs take the position that some limited discovery in this case may be appropriate pursuant to one or more of the exceptions to the APA's record review principle. The parties therefore propose that in order to resolve this question there should be preliminary briefing on the question, and propose that a schedule be determined for briefing of the matter.
       Defendants propose the following schedule:

Administrative Record Filed and Served: April 16, 2007
Plaintiffs would then be able to review the Record and if they find it necessary:
Plaintiffs' Motion Seeking Discovery and/or Supplement the Administrative Record: May 14, 2007
Defendants' Opposition to Discovery/Supplementation: May 25, 2007
Plaintiffs' Reply: June 1, 2007

Plaintiffs respond that the above schedule is based on defendants' position that the earliest that defendants can produce an administrative record in this case is April 16, 2007. Plaintiffs believe that deadline provides far more time than is necessary for defendants to produce the administrative record, as it is two and a half months after defendants filed their Answer in this case and four and a half months since plaintiffs filed their complaint. In addition, one of the plaintiffs in this case, the Sagebrush Sea Campaign, formally requested the "administrative record" for the Not Warranted decision pursuant to the Freedom of Information Act, 5 U.S.C. § 552, *et seq*. ("FOIA") on April 18, 2006, and defendants provided numerous documents in response to that request. Defendants also reviewed the responsive records for privilege determinations. Accordingly, plaintiffs believe that by any measure, a four and a half month time frame for production of an administrative record is too long, but that this is particularly true here, where defendants have already compiled, and already produced, an "administrative record" in connection with the Not Warranted determination. Plaintiffs believe that a deadline of March 30, 2007 is plenty of time to produce the record under these circumstances, and on that basis propose the following schedule:

>Administrative Record Filed and Served: March 30, 2007
>Plaintiffs would then be able to review the Record and if they find it necessary:
>Plaintiffs' Motion Seeking Discovery and/or Supplement the Administrative Record: April 27, 2007
>Defendants' Opposition to Discovery/Supplementation: May 11, 2007
>Plaintiffs' Reply: May 18, 2007

Defendants maintain that the FWS needs until April 16, 2007 to compile and produce the administrative record. Defendants require until April 16 to produce the record because their staff must also manage prior commitments in other cases to compile records. Further, the "administrative record" that Plaintiffs refer to was not compiled for this litigation. Rather, it was a response to a FOIA request. Defendants require a different level of review for administrative records produced in the context of litigation, including a privilege review conducted by the Solicitor's office.

Regardless of what schedule the Court orders, the parties agree that should it be determined that discovery is appropriate, discovery would commence with service of interrogatories and related matter by Plaintiffs on Defendants thirty (30) days after issuance of a decision on the matter by the Court. Discovery would then run for a period of no longer than one hundred and twenty (120) days. Maximum requests of interrogatories and requests for admission by each party would be twenty-five (25). Responses to be due forty-five (45 days) after service. Maximum number of depositions by each party would be three (3). Each deposition would be limited to three (3) hours unless extended by agreement of parties.
It is not anticipated that report from retained experts will be necessary, but should the parties determine that they will be, reports from such experts would be due no later than sixty (60) days from commencement of discovery.

The parties anticipate that, regardless of whether discovery occurs or not in this case, the case will be resolved on summary judgment motions and will not require a trial. As resolution of the question of discovery is pending, the parties do not yet have a schedule for briefing to present to the Court.

(9) Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.

    It is not anticipated that report from retained experts will be necessary, but should the parties determine that they will be, reports from such experts would be due no later than sixty (60) days from commencement of discovery.

(10) In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.

    As this case is not a class action, this item is not relevant.

(11) Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.

    The parties anticipate that the case will be resolved on summary judgment motions and will not require a trial. Any discovery in this case will be limited in scope, but until the administrative record is produced and plaintiffs have an opportunity to review it (*see* parties' response to item no. 8), the parties cannot say for certain at this time whether it should be bifurcated or managed in phases.

(12) The date for the pretrial conference.

    The parties anticipate that the case will be resolved on summary judgment motions and will not require a trial, and, thus, the parties do not anticipate a need for a pretrial conference. Plaintiffs will respectfully request that the Court hold a hearing in connection with the parties' cross-motions.

(13) Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.

    The parties anticipate that the case will be resolved on summary judgment motions and will not require a trial, and, thus, the parties do not anticipate a need for a trial date. Plaintiffs will respectfully request that the Court hold a hearing in connection with the parties' cross-motions.

(14) Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.

DATED this 26th day of February, 2007.

Respectfully submitted,

\_\_\_/s/_____
AMY R. ATWOOD
D.C. Bar No. (470258)
Western Environmental Law Center
1216 Lincoln Street
Eugene, Oregon 97405
541-485-2471
541-485-2457 (fax)
atwood@westernlaw.org

GEOFF HICKCOX
admitted *pro hac vice*
Western Environmental Law Center
679 East Second Ave, Suite 11B
Durango, CO 81301
970-382-5902
970-385-6804 (fax)
ghickcox@gmail.com

REBEKAH S. KING
admitted *pro hac vice*
Assistant San Miguel County Attorney
P.O. Box 791
333 W. Colorado Ave., Third Floor
Telluride, CO 81435
970-728-3879
970-728-3718 (fax)

Attorneys for Plaintiffs

THOMAS SANSONETTI
Assistant Attorney General

JEAN E. WILLIAMS,
Section Chief


\_\_\_/s/_____
Courtney Taylor, Trial Attorney

Wildlife & Marine Resources Section
Environment & Natural Resources Division
U.S. Department of Justice
Ben Franklin Station, P.O. Box 7369
Washington, D.C. 20044-7369
(202) 305-7548
(202) 305-0275 FAX

Attorneys for Defendants

OF COUNSEL:
Thomas Graf
Attorney Advisor
United States Department of the Interior
Office of the Solicitor
Rocky Mountain Regional Office
755 Parfet Street, Suite 151
Lakewood, CO 80215