UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

COUNTY OF SAN MIGUEL COLORADO;  )
et al.                          )
                                )
            Plaintiffs,          )
                                )
        v.                       )  Case No. 1:06-cv-01946 (RBW)
                                )
                                )
MACDONALD,et al.                )
                                )
            Defendants.          )
                                )

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' COMBINED MOTION TO
SUPPLEMENT THE ADMINISTRATIVE RECORD, OBTAIN ADEQUATE
CERTIFICATION OF THE RECORD, CHALLENGING DEFENDANTS'
CLAIM OF ATTORNEY-CLIENT PRIVLEGE AND IN CAMERA REVIEW,
AND FOR JUDICIAL NOTICE OF AN
INSPECTOR GENERAL REPORT ON JULIE MACDONALD**

Defendants, Dirk A. Kempthorne, United States Secretary of Interior, and H. Dale Hall,

Director, United States Fish and Wildlife Service (collectively referred to as "defendants"),

hereby oppose Plaintiffs' Combined Motion for supplementation of the administrative record,

adequate certification of the administrative record, challenging Defendants' claims of attorney-

client privilege and for in camera review of Defendants' privilege claims, and for judicial notice

of an Inspector General report on Julie MacDonald.  For the reasons set forth below, Plaintiffs'

motion should be denied.

**INTRODUCTION**

Plaintiffs in this action seek to have this Court set aside the United States Fish and Wildlife Service's ("Service") decision that the Gunnison sage-grouse does not warrant listing as threatened or endangered under the Endangered Species Act ("ESA"). On September 21, 2007, Plaintiffs filed a motion to supplement the administrative record with 32 documents including draft documents related to a never-adopted critical habitat designation, draft public outreach documents, and four other documents that Plaintiffs' claim relate to the Service's decision.[1]

It is well established, however, that judicial review of agency action is confined to the administrative record before the agency at the time it made the challenged decision. Florida Power & Light Co. v. Lorion, 470 U.S. 729, 743-44 (1985). Although limited exceptions to this general rule exist, Plaintiffs have failed to carry their burden of demonstrating that an established exception justifies supplementation here. Based on D.C. Circuit caselaw, the motion should be denied, and Plaintiffs' extra-record evidence should not be included in the administrative record for this suit.

Plaintiffs also filed a motion for adequate certification of the administrative record. The Service filed its administrative record on April 16, 2007 and then agreed to add additional documents requested by Plaintiffs to that record on August 31, 2007. This designation is entitled to a presumption of regularity. Although there is no statutory requirement for an agency to certify the record, agencies typically do so. Here, Defendants certified the record on April 13, 2007. Because the Service inadvertently omitted that certification when it filed the record,

---

[1]Defendants will agree to include in the administrative record documents # 31 and 32 in Plaintiffs' Exhibit L. There are, therefore, only 30 documents that are in dispute (Plaintiffs' Exhibit J, K, L documents #1-30).

Defendants have filed that certification today.  Plaintiffs assert that the certification is inadequate.  Plaintiffs, however, have failed to overcome the presumption that the certification was proper and inadvertently omitted.  Accordingly, their motion should be denied.

Further, Plaintiffs filed a motion to challenge the Defendants' assertion of attorney-client privilege on 23 documents.  Defendants maintain that their assertion of the privilege is proper, but acknowledge that the privilege log is deficient and will file a revised privilege log promptly.  This revised privilege log shows that the privilege applies to each communication and satisfies the requirement for invoking the privilege.  See e.g. F.R.C.P. 26(b)(5).

Finally, Plaintiffs filed a motion to request to take judicial notice of an Inspector General Report on Julie MacDonald.   As an initial matter, the contents of the IG Report are not an appropriate topic for judicial notice.  Moreover, the report was issued almost a year after the Service's decision not to list the Gunnison sage-grouse and is clearly post-decisional.  This request for judicial notice is nothing more that an attempt to supplement the record with post-decisional information.  The D.C. Circuit has clearly rejected supplementation with post-decisional materials that were neither before nor considered by the agency in making the challenged determination, such as the Inspector General Report. See Linemaster Switch Corp. v. EPA, 938 F.2d 1299, 1305 (D.C. Cir. 1991) ("[R]eviewing courts should take into account 'neither more nor less information than did the agency when it made its decision.'" (citations omitted)).  Plaintiffs' motion should, therefore, be denied.

## STANDARD AND SCOPE OF REVIEW

Courts review agency decisions under the ESA according to the Administrative Procedure Act, 5 U.S.C. § 706, ("APA").  American Wildlands v. Norton, 193 F. Supp. 2d 244,

251 (D.D.C. 2002) (citing City of Las Vegas v. Lujan, 891 F.2d 927, 932 (D.C. Cir. 1989)).  The

Supreme Court has repeatedly emphasized the strict limitations the APA imposes on judicial

review.  See Vermont Yankee Nuclear Power Corp.  v. Natural Res. Def. Council, 435 U.S. 519,

549 (1978)(citing Camp v. Pitts, 411 U.S. 138, 143 (1973)).  Thus, the standard of review under

the APA is "highly deferential," and "presumes agency action to be valid."  Ethyl Corp. v. EPA,

541 F.2d 1, 34 (D.C. Cir. 1976) (citing Citizens to Protect Overton Park v. Volpe, 401 U.S 402,

415)(1971)(abrogated on other grounds, Califano v. Sanders, 430 U.S. 99 (1977).  Although the

Court should not simply "rubber stamp" the agency's decision, the burden of proof is on the

party challenging the decision.  Id. at 34, 97.  Advocates for Highway and Auto Safety v. Fed.

Motor Carrier Safety Admin., 429 F.3d 1136, 1144 (D.C. Cir. 2005).

     The APA limits judicial review of agency action to the administrative record.  Vermont

Yankee, 435 U.S. at 549.  The Supreme Court and D.C. Circuit have emphasized that "the focal

point for judicial review should be the administrative record already in existence, not some new

record made initially in the reviewing court."  Camp  v. Pitts, 411 U.S. at 142 (1973).  See

Florida Power & Light Co. v. Lorion, 470 U.S. at 743-44; Edison Elec. Inst. v. Occupational

Safety and Health Admin., 849 F.2d 611, 617-18 (D.C.Cir. 1988); Envtl. Def. Fund ("EDF") v.

Costle, 657 F.2d 275, 284 (D.C. Cir.1981).  The administrative record includes only the

materials that were before it at the time it made its decision.  See Overton Park v. Volpe, 401

U.S. at 419; EDF v. Costle, 657 F.2d at 284.

## ARGUMENT

## I.     PLAINTIFFS HAVE FAILED TO JUSTIFY SUPPLEMENTATION OF THE ADMINISTRATIVE RECORD.

The Service's administrative record in this case is quite extensive and complete,

4

containing over 13,900 pages in the original record and 14 additional documents in the to-be-filed supplemental record.   The Service determined that listing the Gunnison sage-grouse was not warranted after a lengthy administrative process.   Notwithstanding the extensive record, and while acknowledging the record review limitations applicable to judicial review, Plaintiffs now seek to depart from the well-established principle limiting review to the record.   As demonstrated below, the administrative record details in depth the documents and reasoning that the Service used to make its decision and represents a full and complete recitation of the Service's decision-making process.   Accordingly, supplementation of the administrative record is not warranted or necessary.

The practice of supplementing the record for judicial review is the exception rather than the rule.  See San Luis Obispo Mothers for Peace v. Nuclear Regulatory Comm'n, 751 F.2d 1287, 1324 (D.C. Cir. 1984), aff'd in relevant part and vacated in part, 760 F.2d 1320 (D.C. Cir. 1985), aff'd, 789 F.2d 26 (D.C. Cir. 1986) (en banc), cert. denied, 479 U.S. 923 (1986) (quoting Motor & Equip. Mfrs. Ass'n v. EPA, 627 F.2d 1095, 1105 n.18 (D.C. Cir. 1979)).  There are, however, limited circumstances in which a reviewing court may consider supplementing an agency-compiled record.  The D.C. Circuit holds that a party desiring to supplement the record must demonstrate one of the applicable exceptions: (1) when it appears that the agency has deliberately or negligently excluded documents adverse to its decision; (2) when supplementation of the record provides essential background information necessary to determine whether the agency considered all relevant factors; (3) where the agency failed to explain its administrative action so as to frustrate effective judicial review; or (4) when it appears that the agency acted in bad faith.  James Madison, Ltd. v. Ludwig, 82 F.3d 1085, 1095 (D.C. Cir. 1996);

5

Commercial Drapery Contractors v. United States, 133 F.3d 1, 7 (D.C. Cir. 1998).  Plaintiffs are

required to "make a 'strong showing' that the exception applies."  Fund for Animals v. Williams,

245 F. Supp. 2d 49, 58 (D.D.C. 2003)(aff'd in part and vacated on other grounds, 428 F.3d 1059

(D.C. Cir. 2005).

> **A.    Plaintiffs Improperly Seek To Include Documents That Do Not Bear on the Decision Not To List The Gunnison sage-grouse**

The majority of the documents that Plaintiffs seek to supplement are not related to the

Service's decision not to list the Gunnison sage-grouse.  Specifically, Plaintiffs seek to

supplement with documents in Plaintiffs' Exhibit J, numbered 1-12 that are related to a never-

completed critical habitat designation.  For example, Plaintiffs seek to add to the record

documents that collect information on habitat acreage (Plaintiffs' Exhibit J #1-2), that set forth

the timeline for a critical habitat determination (Plaintiffs' Exhibit J #3), that were internal drafts

of the critical habitat designation (Plaintiffs' Exhibit J #4-5), that developed a strategy for

designating critical habitat (Plaintiffs' Exhibit J #7-9, 11-12) and that provide general guidance

on critical habitat designations (Plaintiffs' Exhibit J #10).  Plaintiffs also seek to supplement

with documents in Plaintiffs' Exhibit K, numbered 13-18, that are draft outreach documents,

including press releases and questions and answers, that would have been used if the Service had

decided to list the species.  Further, Plaintiffs seek to supplement the record with two documents

in Plaintiffs' Exhibit L, numbered 29-30, that are an email about a field trip to Gunnison sage-

grouse habitat and a news article.  Finally, the nine documents that relate to the Service's

decision not to list (Plaintiffs' Exhibit K, numbered 19-28) are drafts and final outreach materials

for the decision not to list, including an outreach plan, press release, and questions and answers.

Under the law of the D.C. Circuit, these documents are not properly considered part of the

administrative record and, therefore, do not belong before this Court.

Each of these documents that Plaintiffs seek to introduce in some way discuss the Gunnison sage-grouse. That, however, does not determine whether they are properly part of the administrative record. Contrary to Plaintiffs' suggestion, in the D.C. Circuit, the administrative record is not required to, nor intended to, contain every communication or scrap of paper in the agency's files related to a particular topic. TOMAC v. Norton, 193 F. Supp. 2d 182, 195 (D.D.C. 2002) ("[P]laintiff's argument that working edits should have been included in the administrative record appears to confuse the administrative record – the record the agency relied upon in its final action – with every scrap of paper that could or might have been created.") aff'd 433 F.2d 852 (D.C. Cir. 2006). Likewise, in Pacific Shores Subdivision v. U.S. Army Corps, 448 F.Supp.2d 1 (D.D.C. 2006), plaintiffs' sought to add correspondence to an administrative record related to an environmental permit. The court rejected plaintiffs' claims that without the documents, the record was incomplete. Id. at 7. Instead, the court held that an agency's administrative record "is not obligated to include every potentially relevant document existing within its agency." Id. While the agency must include the documents before the agency decision maker at the time of the decision, "interpreting the word 'before' agency so broadly as to encompass any potentially relevant document existing within the agency or in the hands of a third party would render judicial review meaningless." Fund for Animals v. Williams, 245 F. Supp. 2d at 57 n.7.

Here, simply because the 32 documents may contain information about the Gunnison sage-grouse, the documents are not "related" to the Service's decision at issue in this case. In particular, Plaintiffs seek to add documents to the record in Plaintiffs' Exhibit J that related to

proposed critical habitat.  Those documents include the timeline and strategy to designate critical habitat and the draft critical habitat designation.  These documents are not relevant to the Service's decision here because the standards for developing critical habitat are not the same as the standards for whether to list a species.  For example, in evaluating whether to designate critical habitat, the Service considers economic and other factors.  16 U.S.C. 1533(b)(2).  Whereas, in evaluating whether to list a species, the Service only considers the five listing factors.  16 U.S.C. 1533(a).  Moreover, the fact that these documents would be part of an administrative record for a critical habitat designation does not mean that they are necessarily part of the record for the listing decision.  They are two separate agency decisions.  These documents, therefore, do not include information that forms the basis of the listing decision.  Accordingly, these documents are not properly included in the administrative record.   not at issue here.

Similarly, Plaintiffs seek to add to the record public outreach documents are not related to the Service's decision that listing is not warranted.  See Plaintiffs' Exhibit K, #13-18.  First, they are simply drafts of the Service's potential explanation for a decision that the Service did not make - to list the species.  Further, those documents contain no original information that is not already in the record.  Thus, the agency did not consider them as part of their decision.  Further, Plaintiffs seek to add to the record public outreach documents that explain the Service's decision not to list the species.  Those documents are not properly part of the record because they simply explain the Service's decision and contain no original information.  The Service did not directly or indirectly consider them because they only created to explain the Service's decision.

Moreover, Plaintiffs' Exhibit L documents #29 and 30 - the email from Young to Ireland and the Denver Post article respectively - both discuss the Gunnison sage-grouse, but neither contains substantive information that the Service considered.  Again, even though the documents are about the Gunnison sage-grouse, they are not related to the Service's decision for the purpose of this exception.

Further, Plaintiffs suggest that the 30 documents are related to the Service's decision because the Service released them in a response to a FOIA request for documents "that comprise the administrative record for the final listing determination for the Gunnison sage-grouse."  Pls Motion at. 3, 11 (internal quotations omitted).  A FOIA response and an administrative record are, however, independent processes carried out at different times pursuant to different statutes. Although Plaintiffs' FOIA request may have asked for the "administrative record" for the final listing determination, an administrative record for a challenged action is prepared after a case is filed as required by the Administrative Procedure Act ("APA").  The standards for compiling an administrative record pursuant to the APA are quite different from those for preparing a response to a FOIA request.   The "'whole administrative record . . . consists of all documents and materials directly or *indirectly* considered by agency decision-makers..."  Thompson v. U.S. Dep't of Labor, 885 F.2d 551, 555 (9th Cir. 1989) (citation omitted).

In stark contrast to the standard for compiling an administrative record, the FOIA's "basic policy [is] to encourage the maximum feasible public access to government information..." Nationwide Bldg. Maint. v. Sampson, 559 F.2d 704, 715 (D.C. Cir. 1977).  As the Supreme Court has explained, the FOIA "is broadly conceived" and reflects "'a general philosophy of full agency disclosure unless information is exempted under clearly delineated statutory language.'"

John Doe Agency v. John Doe Corp., 493 U.S. 146, 151-52 (1989) (citations omitted).  As these cases demonstrate, FOIA does not limit disclosure only to those documents directly or indirectly considered by the decision-maker.  FOIA supports full disclosure of all documents within the agency's possession.  Thus, a FOIA response is not the administrative record within the meaning of the APA, but rather represents all public documents that were considered in the decision-making process.

In this case, the administrative record need not include every document that was produced in response to Plaintiff's FOIA request.  Again, the Service's deliberations on the critical habitat designation were not part of the agency's final listing decision.  As such, those documents were not directly or indirectly considered by the decision maker and are not part of the administrative record.  Similarly, public outreach documents were not part of the decision record, and thus are not part of the administrative record in this case.

**B.      In Addition to Failing to Demonstrate These Documents Should Have Been Included Initially in the Record, Plaintiffs Fail to Show That the Service Excluded Documents That Were Adverse to Its Decision.**

Plaintiffs argue that the Court should supplement the administrative record because  the Service excluded from the record documents that are adverse to its decision.  Pls. Motion at 10-18.  Plaintiffs contend that they proved that the documents #1-30 in Plaintiffs Exhibits J, K, L were known to the Service at the time of the decision, were directly related to that decision, and adverse to the decision.  Id.  Plaintiffs' argument is without merit.

To support their argument that this exception applies, Plaintiffs rely on Fund for Animals and the court's recitation of the elements required to prove this exception applies.  Pls. Motion at 10.  In Fund for Animals, the plaintiffs challenged the Service's decision to expand hunting in

10

wildlife refuges. <u>Fund for Animals v. Williams</u> , 391 F.Supp.2d. 191, 195 (D.D.C. 2005).

Plaintiffs sought to add documents to the record that addressed the impact of hunting on refuges

and the plan to allow hunting.  <u>Id.</u> at 198.  In reviewing the documents, the court held that the

documents related directly to the issue of hunting in refuges and that they showed allowing

hunting could have harmful effects on the refuges.  <u>Id.</u>  The court then concluded that plaintiffs

made a prima facie showing that the defendants had excluded information from the record that

was adverse to the decision to allow hunting in the refuges.  <u>Id.</u>  The court's decision in <u>Fund for</u>

<u>Animals</u> is distinguishable from this case because the documents at issue here are not related to

the Service's decision and are not adverse.

Here, as explained in detail above, the 30 documents in Plaintiffs' Exhibits J, K, L do not

relate to the Service's decision on whether to list the Gunnison sage-grouse. Essentially,

Plaintiffs claim that the documents are related to the Service's decision whether to list the

species simply because there is information about the Gunnison sage-grouse in the documents.

Pls. Motion at 12-16.  Unlike the documents in <u>Fund for Animals</u> where the documents

contained primary information on hunting in refuges, the document in Plaintiffs' Exhibit J, K, L

#1-30 do not contain information on the five listing factors that would be relevant to the

Service's decision not to list the species.  Again, documents #1-12 contain information on the

process to designate critical habitat and information that is required to make a different statutory

determination with different factors.  Further, documents #13-28 contain information about the

Gunnison sage-grouse only to explain the decision not to inform the decision.  Finally,

documents 29-30 do not contain any original information about the species.  Document 29 is

simply an email about a tour of some Gunnison sage-grouse habitat, and Document 30 is a

newspaper article that Service does not consider as a source of biological information.

Moreover, Plaintiffs have failed to show that the 30 documents in Plaintiffs' Exhibits J, K, L are adverse to the Service's decision. Indeed, the documents are not adverse, as Plaintiffs suggest, simply because they show that the Service could have made a different decision on whether to list the species.[2] Plaintiffs argue that "the records are adverse to defendants' position because they strongly indicate that the negative determination was arbitrary and capricious." Pls. Motion at 16-18. This argument fails because supplementation of an administrative record is not permitted simply as a means for plaintiffs to question the wisdom or correctness of an agency's decision. EDF v. Costle, 657 F.2d 275, 285 (D.C. Cir. 1981). Plaintiffs demand to add internal agency deliberations on critical habitat and public outreach with the obvious intent of using the agency's own internal discussion to prove their own theory, or to disprove the agency's analysis and conclusions. This Court should reject Plaintiffs' effort to rewrite the agency's administrative record in a manner that supports their own alternative analyses and viewpoints.

In administrative record review cases, where the question is whether an agency action is arbitrary or capricious pursuant to the APA, as long as there is a contemporaneous explanation,

---

[2]Plaintiffs claim that the decision in James Madison, Ltd requires that a district court "supplement the administrative record when the agency deliberately or negligently excludes documents that may have been adverse to its decision." Pls. Motion at 18. That is, however, not an accurate statement of what the D.C. Circuit held in Madison. It is correct that the court in Madison set forth the exceptions that allow for supplementation, including the one where the agency has excluded adverse documents. But, the Madison court pointed out that plaintiffs were not invoking the exception that the agency has excluded adverse documents. Id. at 1095. Indeed, the Madison court went on to reject plaintiffs attempt to supplement the record based on a different exception. Notably, the court explained that "conclusory statements fall far short of the 'strong showing' of bad faith required to justify supplementing the record." Id. Here, the court should reject similar conclusory statements that the documents are related and adverse to the Service's decision.

the agency decision must "stand or fall on the propriety of that finding..." <u>Vermont Yankee</u>, 435

U.S. at 549 *quoting* <u>Camp v. Pitts</u>, 411 U.S. at 142-143 ("the focal point for judicial review

should be the administrative record already in existence, *not some new record made initially in*

*the reviewing court*.") "Reviewing courts should take into account 'neither more nor less

information than did the agency when it made its decision.'" <u>Linemaster Switch Corp. v. EPA</u>,

938 F.2d 1299, 1305 (D.C. Cir. 1991)9citations omitted).

   In this case, all necessary documents, facts, and agency analyses are already in the

administrative record.  Based on the principles of the APA and on-the-record judicial review,

there is simply no reason to include documents that relate to other decisions, as in documents #1-

12, that simply explain a decision that the Service did not make, as in documents #13-18, or that

simply explain the Service's decision on information that is in the underlying record, as in

documents #19-28.  Plaintiffs have not met, and cannot meet, their burden to justify

supplementation of the administrative record based on this exception.  Accordingly, the Court

should not include the 30 documents in the record.

   **C.   Plaintiffs Have Also Failed to Show That the Service Excluded Documents
         That It Considered.**

   Plaintiffs argue that the Court should require the Service to supplement the record with

the 30 documents because the Service actually considered the documents, but failed to include

them.  It is unclear exactly what exception that Plaintiffs are trying to invoke with this

argument.[3]  Plaintiffs cite several district court decisions to support their argument.  Their

_____

[3]To the extent that Plaintiffs rely on the D.C. Circuit opinion in <u>Esch v. Yeutter</u> to invoke this
"exception," that reliance is misplaced.  Pls. Motion at 23 citing <u>Esch</u>, 876 F.2d 976, 991 (D.C.
Cir. 1989).  Courts in the D.C. Circuit, including another opinion by the D.C. Circuit, declared
the discussion of exceptions allowing extra-record review to be *dicta* and of limited probative

reliance on those decisions is confusing and misplaced.

First, Plaintiffs cite this Court's decision in <u>Delano v. Roche</u>.  391 F.Supp.2d 79 (D.D.C. 2005).  In that case, the plaintiff sought supplementation of the administrative record with a document that provided personnel information that was not in the administrative record.  <u>Id.</u> There, defendants argued that the document was not relevant to the agency's decision.  <u>Id.</u> The court disagreed with defendants.  It held that the document should be made part of the record because it provided information that was not part of the record and was relevant to the agency's decision.  <u>Id.</u> at 89.

The decision in <u>Delano</u> can be distinguished from this case.  The 30 documents that Plaintiffs here seek to add to the record are not relevant to the Service's decision that listing the Gunnison sage-grouse is not warranted.  As discussed above, the critical habitat documents relate to the decision to designate critical habitat, not whether to list the species, and the public outreach documents were not relevant to the Service's decision, they merely attempted to explain a decision to list or not to list the species.  Moreover, the documents do not present information that is absent from the record.  All of the underlying data that relates to whether the species is threatened or endangered has already been included in the record created by the Service.

Plaintiffs also rely on the decision in <u>Fund for Animals v. Williams</u> to argue that the agency cannot exclude information from the record simply because the agency claims that they

_____

value.  <u>Beverly Enterprises, Inc. v. Herman</u>, 130 F. Supp. 2d 1, 8 fn. 2 (D.D.C. 2000) (applying the eight exceptions generally was "dicta" in <u>Esch</u> ),  <u>Peterson Farms I v. Espy</u>, 15 F.3d 1160 (D.C. Cir. 1994) ("the probative value of such dicta is limited"); <u>see also</u> <u>Southwest Center for Biological Diversity v. Norton</u>, Civ. No. 98-934 (RMU/JMF), 2002 WL 1733618 at *7 (D.D.C. July 29, 2002) (noting dicta in <u>Esch</u>); <u>Oceana, Inc. v. Evans</u>, 384 F. Supp. 2d 203, 218 n. 17 (D.D.C. 2005) (same).   The <u>Esch</u> decision is, therefore, inapposite and should be disregarded.

did not consider it.  Plaintiffs' reliance on that decision in <u>Fund for Animals</u> is misplaced for several reasons.   First, the issue in <u>Fund for Animals</u> was whether the court should allow for supplementation if the agency has excluded information that was adverse to its decision.  <u>Fund for Animals</u>, 391 F.Supp.2d. at 195.   The decision, therefore, cannot support Plaintiffs' argument here that the 30 documents should be added to the record because the Service did in fact consider the documents.  Moreover, if Plaintiffs with this argument are invoking the exception for documents deliberately excluded that were adverse to the decision, that exception, for all the reasons explained above, is inapplicable here.

Plaintiffs' contention, therefore, that the 30 documents should be part of the Service's record because the Service actually did consider them is unavailing.  Plaintiffs do not and cannot cite to any caselaw that supports this "exception."  Further, Defendants' designation of the administrative record is entitled to a strong presumption of regularity.  <u>Pacific Shores Subdivision</u>, 448 F. Supp. 2d at 5; <u>Maritel v. Collins</u>, 422 F.Supp.2d 188, 196 (D.D.C. 2006) <i>citing</i> <u>Bar MK Ranches v. Yeutter</u>, 994 F.2d 735, 739-40 (10th Cir. 1993) (stating that the administrative record enjoys the same presumption of regularity afforded to other established administrative procedures); <u>Amfac Resorts v. U.S. Dep't of Interior</u>, 143 F.Supp.2d 7, 12 (D.D.C. 2001) (noting the "standard presumption" that the agency designated the administrative record properly).  Thus, the court must presume that the Service's exclusion of the 32 documents is proper, unless the Plaintiffs rebut that presumption with clear evidence.   Plaintiffs have failed to rebut the presumption here and, accordingly, their motion should be denied.

C.     **Plaintiffs Have Failed To Show That the Service Did Not Consider Relevant Data.**

Plaintiffs argue that the Court should require the Service to supplement the record with

the 30 documents to allow the Court to evaluate whether the agency considered all the relevant

factors. Pls. Motion at 21. This argument fails in numerous respects. First, caselaw clearly

limits the Court's ability to go beyond the agency record to those circumstances where it has first

determined that the agency record is so inadequate as to frustrate judicial review. EDF v. Costle,

657 F. 2d at 285. Plaintiffs here do not even mention the current state of the administrative

record or attempt to explain how or why the record is so inadequate so as to frustrate judicial

review. Thus, at the outset, Plaintiffs' fail to make a "strong showing," as required, that this

exception applies.

Second, and more to the point, the Court has a more than adequate record before it on

which it can judge the rationality of the agency's listing determination. The issues relating to

whether to list the Gunnison sage-grouse are fully articulated and explain within the listing

determination. Likewise, the court need not look to material related to other decisions to

determine whether the agency's decision was rational, reasonable, and supported by the record.

Essentially, Plaintiffs are arguing that the Service should have considered the documents

at issue. A district court has rejected a similar attempt to supplement the record in a case

challenging a Service decision under the ESA. Fund for Animals v. Williams, 245 F.Supp.2d 49

(D.D.C.2003). Plaintiffs argued that the agency had omitted documents from the record that

plaintiffs believed to be relevant to the challenged decision. Id. at 56. The Service responded

that the documents were not part of the record because they were not considered by the decision-

maker. Id. The court agreed with the Service, reasoning:

> Both parties agree that the court's review must be based on the full administrative record
> that was before the agency at the time it made its decision, and that the court should have
> before it neither more nor less information than did the agency when it made its decision.
> The questions left for the court is straightforward; who determines what constitutes the

"full" administrative record that was "before" the agency?

Common sense and precedent dictate that at the outset, the answer must be the agency.  It is the agency that did the "considering," and that therefore is in a position to indicate initially which of the materials were "before" it -namely, were directly or indirectly considered."  If it were otherwise, non-agency parties would be free to define the administrative record based on the materials they believe the agency must (or should) have considered, leaving to the court the unenviable task of sorting through a tangle of competing "records" in an attempt to divine which materials were considered.  Judges are not historians charged with isolating the "true"basis for an agency's decision when its ostensible justification proves unconvincing.  Hence the presumption that the agency property designated the administrative record.

Id. at 56-57 (citations and quotations omitted).  Here, as in that case, the Service has designated a complete record.  Plaintiffs are not entitled to redefine the contents of the record and their motion should be denied.

## II.     DEFENDANTS HAVE PROPERLY CERTIFIED THE ADMINISTRATIVE RECORD.

In this case, Defendants have compiled the administrative record and certified that it is complete.  As explained by Defendants' counsel in his letter dated August 31, 2007, the Defendants inadvertently omitted the certification when it filed the administrative record with the court and served copies on the Plaintiffs and will file separately that certification today.  Defendants' certification is entitled to a strong presumption of regularity.  Citizens to Preserve Overton Park v. Volpe, 401 U.S. 402, 415 (1971), citing United States v. Chemical Found., 272 U.S. 1, 14-15 (1926) ("The presumption of regularity supports the official acts of public officers, and, in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties") (citations omitted).

Plaintiffs claim that "[p]roper certification of an administrative record requires the agency, by declaration, to certify that the Record is complete; explain the manner and guidelines

that were used to compile the Record; and identify what the Record contains, and importantly,

what it does not contain." Pls. Motion at 22.  Plaintiffs, however, are unable to cite to any

language in the ESA or APA that sets forth this requirement.  Tellingly, Plaintiffs cite to a case

management order from a district court in the Ninth Circuit to justify this "requirement."  Pls.

Motion at 22.  Thus, Plaintiffs cannot support their argument that the certification here is

improper and is unable to overcome the presumption of regularity.  Accordingly, their motion to

require adequate certification should be denied.

III. **DEFENDANTS HAVE PROPERLY ASSERTED THE ATTORNEY-CLIENT PRIVILEGE AND HAVE FILED A REVISED PRIVILEGE LOG THAT JUSTIFIES THE PRIVILEGE.**

Plaintiffs argue that the Defendants have improperly asserted the attorney-client privilege

over 23 records and ask the Court to order Defendants "to produce an adequate privilege log."

Pls Motion at 25.  Defendants maintain that their assertion of the privilege is proper, but

acknowledge that the privilege log is deficient and will file a revised privilege log promptly.

This revised privilege log shows that the privilege applies to each communication and amply

supports each assertion of privilege.  See Federal Rule of Civil Procedure 26(b)(5).

IV. **PLAINTIFFS REQUEST FOR JUDICIAL NOTICE SHOULD BE DENIED**.

As set forth above, judicial review of this case must be based on the administrative

record.  By asking this Court to take judicial notice of the Inspector General's report on Julie

MacDonald, which Plaintiffs use to question the merits of the Service's listing decision,

Plaintiffs are again asking the Court to review materials outside the administrative record.  Thus,

Plaintiffs motion should be construed as a motion to supplement the administrative record to

include the Inspector General's report.  Plaintiffs have failed to make a "strong showing" that an

exception applies allowing this document to be included in the record and the motion should be denied.

The Inspector General's Report was issued on March 27, 2007 and post-dates the Service's decision at issue in this case by almost a year.   Plaintiffs claim that they are not asking the Court to take judicial notice of the "factual accuracy of the statement contained in the IG Report."  Rather, they claim to "ask the Court to take notice of the fact that the IG Report has been published and of its general nature, and of its conclusions - ie. that Ms. MacDonald has been heavily involved with editing, commenting on, and reshaping the Endangered Species Program's scientific reports from the field."  Pls Motion at 26-27(internal quotations omitted).

As the D.C. Circuit has explained, it is appropriate for a court to take judicial notice of facts on the public record.  Marshall County Health Care Auth. v. Shalala, 988 F.2d 1221, 1228 (D.C. Cir. 1993).  It is clear, however, that Plaintiffs want the Court to take judicial notice of the IG Report simply to offer post hoc opinions and criticisms of the Service's decision.  The D.C. Circuit has made clear on numerous occasions that a court is not to review extra-record materials that challenge correctness or wisdom of agency decision, such as the IG Report.  EDF v. Costle, 657 F.2d at 285.  For instance, in Walter O. Boswell Memorial Hospital v. Heckler, 749 F.2d 788, 794 (1984), the D.C. Circuit held that information not available at the time of an agency decision cannot be introduced into the administrative record in a case contesting that decision. Id. at 792 ("To review more than the information before the Secretary at the time she made her decision risks our requiring administrators to be prescient or allowing them to take advantage of post hoc rationalizations.").  In another analogous case, the court stated:

> As this Court has noted in the past, "consideration of outside evidence 'to determine the correctness or wisdom of the agency's decision is not permitted.'" . . . . Because Dr.

19

DeRamus's declarations are offered primarily to attack the propriety of the challenged agency action, they will be stricken.

Corel Corp. v. United States, 165 F. Supp. 2d 12, 31-32 (D.D.C. 2001) (striking expert affidavit that purported to assess the technical and final merits of a decision of the Department of Labor).

See also Cone v. Caldera, 223 F.3d 789, 795 (D.C. Cir. 2000) (refusing to consider post decisional affidavits in record review case); IMS, P.C. v. Alvarez, 129 F.3d 618 (D.C. Cir. 1997) (same); North Texas Media v. FCC, 778 F.2d 28, 33 n. 16 (D.C. Cir. 1985) (same).

Plaintiffs have failed to show that an exception applies allowing supplementation of the record with the post-decisional report.  A request for judicial notice, therefore, is simply not an appropriate mechanism for expanding judicial review beyond the administrative record, and should be denied.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Combined Motion should be denied.

Dated this 12th day of October, 2007.

Respectfully submitted,

Ronald J. Tenpas
Acting Assistant Attorney General

*S/ Courtney Taylor*

Courtney Taylor, Attorney (D.C. Bar #475594)
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife and Marine Resources Section
P.O. Box. 7369
Washington, D.C.  20044-7369
(202) 353-7548
Attorney for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on October 12, 2007, I electronically filed the foregoing with the Clerk of the Court via the CM/ECF system, which will send notification of such to the attorneys of record.

Amy Atwood

atwood@westernlaw.org

Geoff Hickcox

ghickcox@gmail.com

Rebekah S. King

beckyk@sanmiguelcounty.org

*S/ Courtney Taylor*

———————————————

COURTNEY TAYLOR

22

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| COUNTY OF SAN MIGUEL COLORADO; et al. | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 1:06-cv-01946 (RBW) |
| MACDONALD,et al. | ) ) ) | |
| Defendants. | ) ) | |

**[PROPOSED] ORDER ON PLAINTIFFS' COMBINED MOTION TO
SUPPLEMENT THE ADMINISTRATIVE RECORD, OBTAIN ADEQUATE
CERTIFICATION OF THE RECORD, CHALLENGING DEFENDANTS'
CLAIM OF ATTORNEY-CLIENT PRIVLEGE AND IN CAMERA REVIEW,
AND FOR JUDICIAL NOTICE OF AN
INSPECTOR GENERAL REPORT ON JULIE MACDONALD**

Having reviewed Plaintiffs' Combined Motion and supporting documents and

Defendants' and Defendants-Intervenors' Memoranda in opposition and supporting documents,

it is hereby

ORDERED that Plaintiffs' Combined Motion is DENIED.

Dated this ___day of _____, 2007,


_____

HONORABLE REGGIE B. WALTON