IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

COUNTY OF SAN MIGUEL, COLORADO, et al.,

      Plaintiffs,

v.

MACDONALD, et al.,

      Defendants,

and

COLORADO CATTLEMEN'S ASSOCIATION,     Civ. No. 06-1946 (RBW)
8833 Ralston Rd.
Arvada, CO  80002-2239

PARTNERSHIP FOR THE WEST, and
350 Indiana Street, Suite 640
Golden, CO  80401

WESTERN CONSERVATION COALITION
1074 24 Road
Grand Junction, CO  81505

Defendants-Intervenors

**DEFENDANTS-INTERVENORS' ANSWER TO PLAINTIFFS' FIRST
AMENDED COMPLAINT**

Colorado Cattlemen's Association ("Cattlemen's"), the Partnership for the West
("Partnership") and the Western Conservation Coalition ("Western") collectively referred
to herein as ("Defendants-Intervenors") for their Answer in response to the First
Amended Complaint (the "Complaint") filed by Plaintiffs, state as follows:

## STATEMENT OF THE CASE

1.  The allegations set forth in Paragraph 1 are Plaintiffs' characterization of the case to which no response is required.  To the extent a response may be required, Defendants-Intervenors deny these allegations.

2.  The allegations set forth in Paragraph 2 are Plaintiffs' characterization of the case to which no response is required.  To the extent a response may be required, Defendants-Intervenors deny these allegations.

3.  The allegations set forth in Paragraph 3 are Plaintiffs' characterization of the case to which no response is required.  To the extent a response may be required, Defendants-Intervenors deny these allegations.

4.  The allegations set forth in Paragraph 4 consist of legal conclusions that require no response.  To the extent a response may be required, Defendants-Intervenors deny these allegations.

5.  The allegations set forth in Paragraph 1 are Plaintiffs' characterization of the case to which no response is required.  To the extent a response may be required, Defendants-Intervenors deny these allegations.

## JURISDICTION AND VENUE

6.  The allegations set forth in Paragraph 6 consist of legal conclusions that require no response.  To the extent a response may be required, Defendants-Intervenors deny these allegations.

7.  Defendants-Intervenors admit that Plaintiffs' Notices of Intent (NOI) to sue were received by Defendants over sixty days before Plaintiffs' filed the Complaint. Defendants-Intervenors aver that the NOI is a document that speaks for itself and is the

best evidence of its contents.  Any allegation to the plain meaning of the NOI is denied. The remaining allegation in Paragraph 7 consists of legal conclusions that require no response.  To the extent that response may be required, Defendants-Intervenors deny the allegations.

8.   The allegations set forth in Paragraph 8 consist of legal conclusions that require no response.  To the extent a response may be required, Defendants-Intervenors deny these allegations.

9.   Defendants-Intervenors admit the allegations in the first sentence of Paragraph 9, but do not have sufficient information or knowledge to form a belief as to the truth of the remaining allegations in Paragraph 9 and therefore deny same.

10.   Defendants-Intervenors do not have sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 10 and therefore deny same.

11.   Defendants-Intervenors do not have sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 11 and therefore deny same.

12.   Defendants-Intervenors do not have sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 12 and therefore deny same.

13.   Defendants-Intervenors do not have sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 13 and therefore deny same.

14.   Defendants-Intervenors do not have sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 14 and therefore deny same.

15.   Defendants-Intervenors do not have sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 15 and therefore deny same.

16.  Defendants-Intervenors do not have sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 16 and therefore deny same.

17.  Defendants-Intervenors do not have sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 17 and therefore deny same.

18.  Defendants-Intervenors do not have sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 18 and therefore deny same.

19.  Defendants-Intervenors do not have sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 19 and therefore deny same.

20.  Defendant-Intervenors do not have sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 20 and therefore deny same.

21.  Defendants-Intervenors deny the allegations in Paragraph 21.

22.  Defendants-Intervenors do not have sufficient information or knowledge to form a belief as to where Plaintiffs' members spend their time.  As to the remaining allegations in Paragraph 22, Defendants-Intervenors do not have sufficient information or knowledge to form a belief as to the remaining allegations in Paragraph 22, and therefore deny same.

23.  In response to the allegations in Paragraph 23, Defendants-Intervenors admit Dirk A. Kempthorne is the Secretary of the Interior and is sued in his official capacity. The remaining allegations in Paragraph 23 purport to characterize the ESA, a statute that speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain meaning of the ESA are denied.

24.  In response to the allegations in Paragraph 24, Defendants-Intervenors admit H. Dale Hall is the Director of FWS and is sued in his official capacity.  The remaining

allegations in Paragraph 24 purport to characterize the ESA, a statute that speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain meaning of the ESA are denied.

## FACTUAL ALLEGATIONS

25. Defendants-Intervenors admit the allegations in Paragraph 25.

26. The allegations in Paragraph 26 purport to characterize findings or statements by persons and organizations that are not parties to this litigation. Therefore, no response is required. Defendants-Intervenors deny any allegations contrary to the plain meaning of these findings or statements.

27. In response to the allegations in Paragraph 27, Defendants-Intervenors admit that the historic range of the Gunnison sage grouse likely included southwestern Colorado, northern New Mexico, northeastern Arizona and southeastern Utah, but deny that the historic range included southwestern Kansas and northwestern Oklahoma.

28. In response to the allegations in the first three sentences of Paragraph 28, Defendants-Intervenors admit those allegations and deny the remaining allegations of Paragraph 28.

29. Defendants-Intervenors admit the allegations in Paragraph 29.

30. The allegations in Paragraph 30 purport to characterize the April 18, 2006 listing determination, a document that speaks for itself and is the best evidence of its contents. Defendants-Intervenors deny any allegation contrary to the plain meaning of the listing determination.

31. Defendants-Intervenors deny the allegations in Paragraph 31.

32. Defendants-Intervenors deny the allegati ons in Paragraph 32.

33.  The allegations in Paragraph 33 purport to characterize a finding or statement by an organization not party to this litigation.  There, no response by the Defendants-Intervenors is required.  Defendants-Intervenors deny any allegation contrary to the plain meaning of that statement.

34.  Defendants-Intervenors deny the allegations in Paragraph 34.

## THE ENDANGERED SPECIES ACT

35.  The allegations in the first sentence of Paragraph 35 purport to characterize provisions of the ESA and regulations promulgated pursuant to the ESA.  The statute and its regulations speak for themselves and are the best evidence of their contents.  Defendants-Intervenors deny any allegation contrary to their plain meaning.  The allegations in the second sentence purport to characterize *Tennessee Valley Auth. v. Hill*, a case that speaks for itself and it is the best evidence of its contents.  Any allegations contrary to the plain meaning of the case are denied.

36.  The allegations in Paragraph 36 purport to characterize provisions of the ESA and regulations promulgated pursuant to the ESA.  The statute and its regulations speak for themselves and are the best evidence of their contents.  Defendants-Intervenors deny any allegation contrary to their plain meaning.

37.  The allegations Paragraph 37 purport to characterize provisions of the ESA.  The statute speaks for itself and is best evidence of its contents.  Defendants-Intervenors deny any allegation contrary to its plain meaning.

38.  The allegations Paragraph 38 purport to characterize provisions of the ESA.  The statute speaks for itself and is best evidence of its contents.  Defendants-Intervenors deny any allegation contrary to its plain meaning.

39.  The allegations in Paragraph 39 purport to characterize provisions of the ESA and regulations promulgated pursuant to the ESA.  The statute and its regulations speak for themselves and are the best evidence of their contents.  Defendants-Intervenors deny any allegation contrary to their plain meaning.

40.  The allegations in Paragraph 40 purport to characterize provisions of the ESA.  The statute speaks for itself and is best evidence of its contents.  Defendants-Intervenors deny any allegation contrary to its plain meaning.

41.  The allegations Paragraph 41 purport to characterize provisions of the ESA.  The statute speaks for itself and is best evidence of its contents.  Defendants-Intervenors deny any allegation contrary to its plain meaning.

42.  The allegations in Paragraph 42 purport to characterize provisions of the ESA.  The statute speaks for itself and is best evidence of its contents.  Defendants-Intervenors deny any allegation contrary to its plain meaning.

43.  The allegations in Paragraph 43 purport to characterize provisions of the ESA.  The statute speaks for itself and is best evidence of its contents.  Defendants-Intervenors deny any allegation contrary to its plain meaning.

44.  The allegations in Paragraph 44 purport to characterize provisions of the ESA.  The statute speaks for itself and is best evidence of its contents.  Defendants-Intervenors deny any allegation contrary to its plain meaning.

45.  The allegations in Paragraph 45 purport to characterize provisions of the ESA and regulations promulgated pursuant to the ESA.  The statute and its regulations speak for themselves and are the best evidence of their contents.  Defendants-Intervenors deny any allegation contrary to their plain meaning.

**LISTING HISTORY**

46.  Defendants-Intervenors admit the allegations in Paragraph 46.

47.  Defendants-Intervenors admit the allegations in Paragraph 47, but aver that the candidate form was actually signed on January 18, 2000.

48.  The allegations Paragraph 48 purport to characterize The Candidate and Listing Priority Assignment Form, a document that speaks for itself and is the best evidence of its contents.  Defendants-Intervenors deny any allegation contrary to its plain meaning.

49.  Defendants-Intervenors admit the allegations in Paragraph 49.

50.  The allegations Paragraph 50 purport to characterize the Candidate Designation, a document that speaks for itself and is the best evidence of its contents. Defendants-Intervenors deny any allegation contrary to its plain meaning.

51.  The allegations in Paragraph 48 purport to characterize the Candidate and Listing Priority Assignment Form, a document that speaks for itself and is the best evidence of its contents.  Defendants-Intervenors deny any allegation contrary to its plain meaning.

52.  The allegations in Paragraph 52 purport to characterize the Candidate and Listing Priority Assignment Form, a document that speaks for itself and is the best evidence of its contents.  Defendants-Intervenors deny any allegation contrary to its plain meaning.

53.  The allegations set forth in Paragraph 53 are Plaintiffs' characterization of the case to which no response is required.  To the extent a response may be required, Defendants-Intervenors deny these allegations in Paragraph 53.

54. The allegations in Paragraph 54 purport to characterize the Candidate and Listing Priority Assignment Form, a document that speaks for itself and is the best evidence of its contents. Defendants-Intervenors deny any allegation contrary to its plain meaning.

55. The allegations in Paragraph 55 are Plaintiffs' characterization of a motion and order in *ALA v. Norton I*, which speak for themselves and require no response. To the extent a response may be required, Defendants-Intervenors deny these allegations.

56. The allegations set forth in Paragraph 56 are Plaintiffs' characterization of the case to which no response is required. To the extent a response may be required, Defendants-Intervenors deny these allegations.

57. The allegations in Paragraph 57 purport to characterize the Candidate Notice of Review, a document that speaks for itself and is the best evidence of its contents. Defendants-Intervenors deny any allegation contrary to its plain meaning.

58. The allegations in Paragraph 58 purport to characterize the Candidate and Listing Priority Assignment Form, a document that speaks for itself and is the best evidence of its contents. Defendants-Intervenors deny any allegation contrary to its plain meaning.

59. The allegations in Paragraph 59 are Plaintiffs' characterization of a motion and order in *ALA v. Norton I*, which speak for themselves and require no response. To the extent a response may be required, Defendants-Intervenors deny these allegations.

60. The allegations in Paragraph 60 purport to characterize the Candidate Notice of Review, a document that speaks for itself and is the best evidence of its contents. Defendants-Intervenors deny any allegation contrary to its plain meaning.

61.  The allegations in Paragraph 61 purport to characterize the Candidate Notice of Review, a document that speaks for itself and is the best evidence of its contents. Defendants-Intervenors deny any allegation contrary to its plain meaning.

62.  Defendants-Intervenors are without sufficient knowledge to admit or deny the allegations in Paragraph 62.

63.  The allegations in Paragraph 63 are Plaintiffs' characterization of a motion and order in *ALA v. Norton I*, which speak for themselves and require no response.  To the extent a response may be required, Defendants-Intervenors deny these allegations.

64.  Defendants-Intervenors are without sufficient knowledge to admit or deny the allegations in Paragraph 64.

65.  Defendants-Intervenors admit that FWS published a listing determination on April 18, 2006, but are without sufficient knowledge to admit or deny the remaining allegations in Paragraph 65.  Defendants-Intervenors deny the remaining allegations in Paragraph 65.

### THE "NOT-WARRANTED" LISTING DETERMINATION

66.   The allegations in Paragraph 66 purport to characterize the Listing Determination, a document that speaks for itself and is the best evidence of its contents. Defendants-Intervenors deny any allegation contrary to its plain meaning.

67.   The allegations in Paragraph 67 purport to characterize the Listing Determination, a document that speaks for itself and is the best evidence of its contents. Defendants-Intervenors deny any allegation contrary to its plain meaning.

68.    The allegations in Paragraph 68 purport to characterize the Listing Determination, a document that speaks for itself and is the best evidence of its contents. Defendants-Intervenors deny any allegation contrary to its plain meaning.

69.    The allegations in Paragraph 69 purport to characterize the Listing Determination, a document that speaks for itself and is the best evidence of its contents. Defendants-Intervenors deny any allegation contrary to its plain meaning.

70.  The allegations in Paragraph 70 purport to characterize peer reviews of the Garton report, the reviews speak for themselves and are the best evidence of their contents.  Defendants-Intervenors deny any allegation contrary to their plain meaning.

## CLAIM FOR RELIEF

71.  Defendants-Intervenors hereby incorporate by reference the responses to each of the allegations set forth in Plaintiffs' Complaint.

72.  The allegations in Paragraph 72 purport to characterize the ESA, a statute that speaks for itself and is the best evidence of its contents.  Defendants-Intervenors deny any allegation contrary to its plain meaning.

73.  The allegations in Paragraph 73 consist of legal conclusions and Plaintiffs' characterization of the case and require no response.  To the extent a response is required, Defendants-Intervenors deny each allegation.

74.  In response to the allegations in Paragraph 74 consist of legal conclusions and Plaintiffs' characterization of the case and require no response.  To the extent a response is required, Defendants-Intervenors deny each allegation.

## PRAYER FOR RELIEF

The remainder of the Complaint consists of Plaintiffs' Prayer for Relief and requires no response.  To the extent a response is required, Defendants-Intervenors deny Plaintiffs are entitled to the relief requested or to any relief whatsoever.

## GENERAL DENIAL

Defendants-Intervenors hereby deny any allegations of Plaintiffs' Complaint, whether express or implied, that are not otherwise specifically admitted, denied, or qualified therein.

Dated this 1st day of November, 2007.


/s/ Anurag Varma
_____
Anurag Varma
(D.C. Bar No. 471615)
PATTON BOGGS LLP
2550 M Street, N.W.
Washington, D.C. 20037
Telephone:  (202) 457-6490
Facsimile:  (202) 3457-6315
avarma@pattonboggs.com

Kent H. Holsinger
Admitted *Pro Hac Vice*
CO Bar No. 33907
HOLSINGER LAW, LLC
350 Indiana Street, Suite 640
Golden, CO  80401
Telephone:  (303) 577-4621
Facsimile:  (303) 496-1025
kent@holsingerlaw.com

*Attorneys for Defendants-Intervenors*
*Colorado Cattlemen's Association, Partnership for*
*the West and Western Conservation Coalition*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 1, 2007, I electronically filed the foregoing with the Clerk of the Court via the CM/ESF system, which will send notification of such to the attorneys of record.

Courtney Taylor
courtney.taylor@usdoj.gov

Amy Atwood
atwood@biologicaldiversity.org

James A. Maysonett
James.a.maysonett@usdoj.gov

Geoff Hickcox
ghickcox@gmail.com

Thomas Graf
sausatomgraf@hotmail.com

Rebekah S. King
beckyk@sanminguelcounty.org


s/ Anurag Varma
_____
ANURAG VARMA

s/ Kent H. Holsinger
_____
KENT H. HOLSINGER