UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COUNTY OF SAN MIGUEL COLORADO; SAGEBRUSH SEA CAMPAIGN; CENTER FOR NATIVE ECOSYSTEMS; FOREST GUARDIANS; THE LARCH COMPANY; SINAPU; CENTER FOR BIOLOGICAL DIVERSITY; PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY; BLACK CANYON AUDUBON SOCIETY; SHEET MOUNTAIN ALLIANCE;<br><br>    Plaintiffs,<br><br>    v.<br><br>DIRK A. KEMPTHORNE, in his official capacity as Secretary of the Department of the Interior, and H. DALE HALL, in his official capacity as Director of the United States Fish and Wildlife Service, an agency of the Department of the Interior<br><br>    Defendants. | Case No. 1:06-cv-01946 (RBW) |

**FEDERAL DEFENDANTS' ANSWER TO COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF**

**STATEMENT OF THE CASE**

1. The allegations set forth in Paragraph 1 are Plaintiffs' characterization of the case to which no response is required. To the extent a response may be required, Defendants deny these allegations.

2. The allegations set forth in Paragraph 2 are Plaintiffs' characterization of the case to which no response is required. To the extent a response may be required, Defendants deny these allegations.

3. The allegations set forth in Paragraph 3 are Plaintiffs' characterization of the case to which no response is required. To the extent a response may be required, Defendants deny these allegations.

4. The allegations set forth in Paragraph 4 consist of legal conclusions that require no response. To the extent that a response is required, Defendants deny the allegations.

5. The allegations set forth in Paragraph 5 are Plaintiffs' characterization of the case to which no response is required. To the extent a response may be required, Defendants deny these allegations.

## JURISDICTION AND VENUE

6. The allegations set forth in Paragraph 6 consist of legal conclusions that require no response. To the extent that a response is required, Defendants deny the allegations.

7. In response to the allegations in the first and second sentence of Paragraph 7, Defendants admit that Plaintiffs' Notices of Intent (NOI) to sue were received by Defendants over sixty days before Plaintiffs' filed the Complaint. Defendants aver that the NOI is a document that speaks for itself and is the best evidence of its contents. Any allegation to the plain meaning of the NOI is denied. The remaining allegation in paragraph 7 consists of legal conclusions that requires no response. To the extent that response may be required, Defendants deny the allegations.

8. The allegations set forth in the first sentence of Paragraph 8 consist of legal conclusions that require no response. To the extent that a response is required, Defendants deny the allegations. Defendants admit the second sentence of Paragraph 8.

9. Defendants are without sufficient knowledge to admit or deny the allegations in sentences one through eight of Paragraph 9 and on that basis deny the same.

10. Defendants are without sufficient knowledge to admit or deny the allegations in sentences one through five of Paragraph 10 and on that basis deny the same.

11. Defendants are without sufficient knowledge to admit or deny the allegations in sentences one through four of Paragraph 11 and on that basis deny the same.

12. Defendants are without sufficient knowledge to admit or deny the allegations in sentences one through six of Paragraph 12 and on that basis deny the same.

13. Defendants are without sufficient knowledge to admit or deny the allegations in sentences one through seven of Paragraph 13 and on that basis deny the same.

14. Defendants are without sufficient knowledge to admit or deny the allegations in sentences one through five of Paragraph 14 and on that basis deny the same.

15. Defendants are without sufficient knowledge to admit or deny the allegations in sentences one through four of Paragraph 15 and on that basis deny the same.

16. Defendants are without sufficient knowledge to admit or deny the allegations in sentences one through eight of Paragraph 16 and on that basis deny the same.

17. Defendants are without sufficient knowledge to admit or deny the allegations in sentences one through five of Paragraph 17 and on that basis deny the same.

18. Defendants are without sufficient knowledge to admit or deny the allegations in sentences one through three of Paragraph 18 and on that basis deny the same.

19. Defendants are without sufficient knowledge to admit or deny the allegations in Paragraph 19 and on that basis deny the same.

20. Defendants are without sufficient knowledge to admit or deny the allegations in Paragraph 20 and on that basis deny the same.

21. The allegations set forth in sentences 1, 3, 4 of Paragraph 21 consist of legal conclusions

that require no response. To the extent that a response is required, Defendants deny the allegations. Defendants deny the allegations set forth in the second sentence of Paragraph 20.

22. Defendants are without sufficient knowledge to admit or deny the allegations in the first and second sentence of Paragraph 21 and on that basis deny the same. Defendants also deny that FWS' decision not to list the Gunnison sage-grouse has had any adverse impact on species or habitat.

23. In response to the allegations in the first sentence of Paragraph 23, Defendants admit that Dirk A. Kempthorne is the Secretary of Interior and is sued in his official capacity. The remaining allegations in Paragraph 23 purport to characterize the ESA, a statute that speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain meaning of the ESA are denied.

24. In response to the allegations in the first and third sentences of Paragraph 24, Defendants admit that H. Dale Hall is the Director of FWS and is sued in his official capacity. The remaining allegations in Paragraph 24 purport to characterize the ESA, a statute that speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain meaning of the ESA are denied.

## FACTUAL ALLEGATIONS

25. Defendants admit the allegations in Paragraph 25.

26. Defendants admit the allegations in Paragraph 26, but aver that behavioral studies were also conducted in addition to morphological and genetic studies.

27. In response to the allegations in Paragraph 27, Defendants admit that the historic range of the Gunnison sage-grouse included southwestern Colorado, northern New Mexico,

        northeastern Arizona, southeastern Utah, but deny that the historic range included southwestern Kansas and northwestern Oklahoma

28. In response to the allegations in the first three sentences of Paragraph 28, Defendants admit those allegations. In response to the allegations in the fourth and fifth sentences of Paragraph 28, Defendants deny the allegations.

29. Defendants admit the allegations in Paragraph 29.

30. The allegations in Paragraph 30 purport to characterize the April 18th, 2006 listing determination, a document that speaks for itself and is the best evidence of its contents. Defendants deny an allegation contrary to the plain meaning of the listing determination.

31. Defendants deny the allegations in Paragraph 31.

32. Defendants deny the allegations in Paragraph 32.

33. The allegations in Paragraph 33 purport to characterize a finding or statement by a non-Federal organization not party to this litigation. Therefore, no response by the Federal defendants is required. Defendants deny any allegation contrary to the plain meaning of that statement.

34. Defendants deny the allegations in Paragraph 34.

## THE ENDANGERED SPECIES ACT

35. The allegations in the first sentence of Paragraph 35 purport to characterize provisions of the ESA and regulations promulgated pursuant to the ESA. The statute and its regulations speak for themselves and provide the best evidence of their contents. Defendants deny any allegation contrary to their plain meaning. The allegations in the second sentence purport to characterize Tennessee Valley Auth. v. Hill, a case that speaks for itself and it

the best evidence of its contents. Any allegations contrary to the plain meaning of the case are denied.

36. The allegations in Paragraph 36 purport to characterize provisions of the ESA and regulations promulgated pursuant to the ESA. The statute and its regulations speak for themselves and provide the best evidence of their contents. Defendants deny any allegation contrary to their plain meaning.

37. The allegations in Paragraph 37 purport to characterize provisions of the ESA. The statute speaks for itself and is the best evidence of its contents. Defendants deny any allegation contrary to its plain meaning.

38. The allegations in Paragraph 38 purport to characterize provisions of the ESA. The statute speaks for itself and is the best evidence of its contents. Defendants deny any allegation contrary to its plain meaning.

39. The allegations in Paragraph 36 purport to characterize provisions of the ESA and regulations promulgated pursuant to the ESA. The statute and its regulations speak for themselves and provide the best evidence of their contents. Defendants deny any allegation contrary to their plain meaning.

40. The allegations in Paragraph 40 purport to characterize provisions of the ESA. The statute speaks for itself and is the best evidence of its contents. Defendants deny any allegation contrary to its plain meaning.

41. The allegations in Paragraph 41 purport to characterize provisions of the ESA. The statute speaks for itself and is the best evidence of its contents. Defendants deny any allegation contrary to its plain meaning.

42. The allegations in Paragraph 42 purport to characterize provisions of the ESA. The

statute speaks for itself and is the best evidence of its contents. Defendants deny any allegation contrary to its plain meaning.

43. The allegations in Paragraph 43 purport to characterize provisions of the ESA. The statute speaks for itself and is the best evidence of its contents. Defendants deny any allegation contrary to its plain meaning.

44. The allegations in Paragraph 44 purport to characterize provisions of the ESA. The statute speaks for itself and is the best evidence of its contents. Defendants deny any allegation contrary to its plain meaning.

45. The allegations in Paragraph 45 purport to characterize provisions of the ESA and regulations promulgated pursuant to the ESA. The statute and its regulations speak for themselves and provide the best evidence of their contents. Defendants deny any allegation contrary to their plain meaning.

## LISTING HISTORY

46. Defendants admit the allegations in Paragraph 46.

47. Defendants admit the allegations in Paragraph 47, but aver that it was January 18, 2000 that the sage-grouse was internally made a candidate and that the candidate form was, in fact, signed on January 18th.

48. The allegations in Paragraph 48 purport to characterize the Candidate and Listing Priority Assignment Form, a document that speaks for itself and is the best evidence of its contents. Defendants deny any allegation contrary to its plain meaning.

49. Defendants admit the allegations in Paragraph 49.

50. The allegations in Paragraph 50 purport to characterize the Candidate Designation, a document that speaks for itself and is the best evidence of its contents. Defendants deny

any allegation contrary to its plain meaning.

51. The allegations in Paragraph 51 purport to characterize the Candidate Notice of Review, a document that speaks for itself and is the best evidence of its contents. Defendants deny any allegation contrary to its plain meaning.

52. The allegations in Paragraph 52 purport to characterize the Candidate and Listing Priority Assignment Form, a document that speaks for itself and is the best evidence of its contents. Defendants deny any allegation contrary to its plain meaning.

53. The allegations set forth in Paragraph 55 are Plaintiffs' characterization of the case to which no response is required. To the extent a response may be required, Defendants deny these allegations.

54. The allegations in Paragraph 54 purport to characterize the Candidate and Listing Priority Assignment Form, a document that speaks for itself and is the best evidence of its contents. Defendants deny any allegation contrary to its plain meaning.

55. The allegations set forth in Paragraph 55 are Plaintiffs' characterization of a motion and order in <u>ALA v. Norton I</u>, which speak for themselves and require no response. To the extent a response may be required, Defendants deny these allegations.

56. The allegations set forth in Paragraph 56 are Plaintiffs' characterization of the case to which no response is required. To the extent a response may be required, Defendants deny these allegations.

57. The allegations in Paragraph 57 purport to characterize the Candidate Notice of Review, a document that speaks for itself and is the best evidence of its contents. Defendants deny any allegation contrary to its plain meaning.

58. The allegations in Paragraph 58 purport to characterize the Candidate Notice of Review, a document that speaks for itself and is the best evidence of its contents. Defendants deny any allegation contrary to its plain meaning.

59. The allegations set forth in Paragraph 59 are Plaintiffs' characterization of a motion and order in <u>ALA v. Norton I</u>, which speak for themselves and require no response. To the extent a response may be required, Defendants deny these allegations.

60. The allegations in Paragraph 60 purport to characterize the Candidate Notice of Review, a document that speaks for itself and is the best evidence of its contents. Defendants deny any allegation contrary to its plain meaning.

61. The allegations in Paragraph 61 purport to characterize the Candidate Notice of Review, a document that speaks for itself and is the best evidence of its contents. Defendants deny any allegation contrary to its plain meaning.

62. Defendants deny the allegations in Paragraph 62.

63. The allegations set forth in Paragraph 55 are Plaintiffs' characterization of a motion and order in <u>ALA v. Norton I</u>, which speak for themselves and require no response. To the extent a response may be required, Defendants deny these allegations.

64. In response to the allegations in the first sentence of Paragraph 64, Defendants admit that Julie MacDonald was the Deputy Assistant Secretary of Interior. Defendants deny the remaining allegations in Paragraph 64.

65. In response to the allegation in Paragraph 65 that Defendants published a listing determination on April 18, 2006, Defendants admit that allegation. In response to the remaining allegations in that paragraph, Defendants deny those allegations.

## THE "NOT-WARRANTED" LISTING DETERMINATION

66. The allegations in Paragraph 66 purport to characterize the Listing Determination, a document that speaks for itself and is the best evidence of its contents. Defendants deny any allegation contrary to its plain meaning.

67. The allegations in Paragraph 67 purport to characterize the Listing Determination, a document that speaks for itself and is the best evidence of its contents. Defendants deny any allegation contrary to its plain meaning.

68. The allegations in Paragraph 68 purport to characterize the Listing Determination, a document that speaks for itself and is the best evidence of its contents. Defendants deny any allegation contrary to its plain meaning.

69. The allegations in Paragraph 69 purport to characterize the Listing Determination, a document that speaks for itself and is the best evidence of its contents. Defendants deny any allegation contrary to its plain meaning.

70. Defendants deny the allegations in Paragraph 70.

## CLAIM FOR RELIEF

71. Defendants hereby incorporate by reference the responses to each of the allegations set forth in Plaintiffs' Complaint.

72. The allegations in Paragraph 72 purport to characterize provisions of the ESA. The statute speaks for itself and is the best evidence of its contents. Defendants deny any allegation contrary to its plain meaning.

73. The allegations in Paragraph 73 consist of legal conclusions and Plaintiffs' characterization of the case and require no response. To the extent a response is required, Defendants deny each allegation.

74.     The allegations in Paragraph 74 consist of legal conclusions and Plaintiffs' characterization of the case and require no response.  To the extent a response is required, Defendants deny each allegation.

## PRAYER FOR RELIEF

The remainder of the Complaint consists of Plaintiffs' Prayer for Relief and requires no response.  To the extent that a response is required, Defendants deny that Plaintiffs are entitled to the relief requested or to any relief whatsoever.

## GENERAL DENIAL

Defendants hereby deny any allegations of Plaintiffs' Complaint, whether express or implied, that are not otherwise specifically admitted, denied, or qualified herein.

Dated this 23th day of January, 2008.

>                                  Respectfully submitted,
>
>                                  RONALD TENPAS
>                                  Assistant Attorney General
>
>                                  *S/ Courtney Taylor*
>                                  _____
>                                  Courtney Taylor, Attorney
>                                  U.S. Department of Justice
>                                  Environment & Natural Resources Division
>                                  Wildlife and Marine Resources Section
>                                  P.O. Box. 7369
>                                  Washington, D.C.  20044-7369
>                                  (202) 353-7548
>                                  Attorney for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on January 23, 2008, I electronically filed the foregoing with the Clerk of the Court via the CM/ECF system, which will send notification of such to the attorneys of record.

Amy Atwood
atwood@westernlaw.org

Kent Holsinger
kholsinger@holsingerlaw.com

*S/ Courtney Taylor*

COURTNEY TAYLOR